UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **LORI CHAVEZ-DEREMER**, Secretary of Labor, United States Department of Labor, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No.: 3:24-cv-00320-wmc |
| **NORTH CENTRAL COMMUNITY SERVICES PROGRAM AND AFFILIATES, d/b/a NORTH CENTRAL HEALTH CARE,** | ) ) ) ) ) |
| Defendant. | ) ) |

CONSENT JUDGMENT AND ORDER

Plaintiff, Lori Chavez-DeRemer, Secretary of Labor, United States Department of Labor, has filed a complaint under the Fair Labor Standards Act of 1938 as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), and Defendant North Central Community Services Program and Affiliates, d/b/a North Central Health Care ("Defendant," "North Central," or "NCHC") has appeared by counsel and agrees to the entry of this Consent Judgment and Order ("Consent Judgment") without contest.

Defendant admits and the Court finds Defendant is engaged in related activities performed through unified operation or common control for a common business purpose and is an "enterprise" under 29 U.S.C. § 203(r).

Defendant admits and the Court finds Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(1)(A).

Defendant admits and the Court finds Defendant is also an "enterprise that is the activity of a public agency" within the meaning of 29 U.S.C. § 203(s)(1)(C) because it operates by agreement between three Wisconsin counties.

Defendant admits and the Court finds Defendant is an employer as defined in 29 U.S.C. § 203(d).

Defendant admits and the Court finds it has jurisdiction over this matter and Defendants.

Upon motion of attorneys for the Secretary and for cause shown, it is:

ORDERED, ADJUDGED, AND DECREED, pursuant to section 17 of the FLSA that Defendant, its officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, in any of the following manners:

1.    Defendant shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any of its employees including, but not limited to, any of its employees working at North Central, or at any business location owned, operated, and/or controlled by Defendant, and at any other business location at which its employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the FLSA, for workweeks longer than 40 hours, unless those employees receive compensation for their employment in excess of forty hours at a rate equivalent to one and one-half times the regular rate at which they are employed.

      a.    For purposes of Paragraph 1, prohibited actions include, without limitation: failing to pay Case Managers the overtime premium for hours over 40 in a workweek.

      2.    Defendant shall make, keep, and preserve adequate records of its employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of its employees working at North Central, or at any business location owned, operated, and/or controlled by Defendant, and at any other business location at which its employees perform work, as prescribed by the Regulations issued pursuant to 29 U.S.C. §§ 211(c) and 215(a)(5) and found at 29 C.F.R. Part 516. Defendant shall make such records available at all reasonable times to representatives of the Plaintiff.

      3.    Pursuant to 29 U.S.C. § 215(a)(3), Defendant shall not discharge or take any retaliatory action against any of its current or former employees because the current or former employee engages in any of the following activities:

      a.    Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Defendant or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA;

      b.    Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the FLSA, or a rule or regulation promulgated pursuant to the

FLSA, by the Defendant or another employer with whom there is a business relationship;

    c.    Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA.

4.    No later than 30 days after the approval of this Consent Judgment, Defendant will:

    a.    Post (for a period of six months) in a conspicuous place at all worksites operated by Defendant—including all places where posters for employees are customarily posted—a file-stamped copy of this Consent Judgment;

    b.    Distribute (for a period of two years) physical copies of the following to all current and newly hired Case Managers: WHD Fact Sheet #22 Hours Worked Under the Fair Labor Standards Act (FLSA) (https://www.dol.gov/agencies/whd/fact-sheets/22-flsa-hours-worked); Fact Sheet #23: Overtime Pay Requirements of the FLSA (https://www.dol.gov/agencies/whd/fact-sheets/23-flsa-overtime-pay);

    c.    Distribute (for a period of two years) electronic copies of the following to all current and newly hired Case Managers and their Supervisors the Interactive Handy Reference Guide to the Fair Labor Standards Act

(https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/Digital_Reference_Gu
ide_FLSA.pdf)

     d.     Amend its Employee Compensation and Timekeeping Policy
applicable to all staff to include the following after the sentence "NCHC does
not have the authority to ask, encourage, or insinuate that an employee
perform work off the clock": "Any NCHC employee who is instructed,
pressured, or otherwise led to believe they must work without recording all
hours shall immediately report the incident to Human Resources or the
Compliance Officer, bypassing their direct supervisor if necessary; all such
reports will be investigated promptly, and retaliation for making a report is
strictly prohibited."

5.     No later than 90 days after the approval of this Consent Judgment,
Defendant shall arrange a one-hour training for all Clinical Coordinators and
Operations Managers covering, at minimum, the following:

     a.     The obligation to pay for all hours worked, regardless of
pre-approval;

     b.     Lawful overtime practices, including the prohibition on
discouraging or refusing to record overtime hours;

     c.     Accurate and contemporaneous timekeeping procedures;

     d.     Workload management to prevent off-the-clock work;

     e.     The duty to respond promptly to overtime approval requests;
and

      f.      Defendant's non-retaliation policy for employees who report timekeeping or pay concerns.

      g.      Attendance shall be mandatory for all Clinical Coordinators and Operations Managers, documented, and records of completion retained for inspection by the U.S. Department of Labor for a period of two years.

FURTHER, JUDGMENT IS HEREBY ENTERED, pursuant to section 16(c) of the Act, in favor of the Secretary and against Defendant in the total amount of $162,476.00 as set forth in Exhibit A.

      6.      The Secretary shall recover from Defendant the sum of $81,243.00 in unpaid overtime compensation covering the period from June, 17, 2021, through June 16, 2023, for Defendant's current and former employees whose names are listed in the attached Exhibit A, and the additional sum of $81,243.00 in liquidated damages.

      a.      At the time Defendant signs this Consent Judgment, it shall deliver payment in the amount of $162,476.00 by ACH transfer or digital wallet at https://www.pay.gov/public/form/start/77692637 or www.pay.gov and searching "WHD Back Wage Payment – Midwest Region".[1]

      b.      Defendant shall also furnish to the Secretary the full name, last-known address, last-known phone number, and social security number for each employee named in Exhibit A.

---

[1] Defendant will use 1981972 for the case/investigation number and the date they signed this Consent Judgment for any dates required at pay.gov.

c.    Upon receipt of full payment from Defendant, representatives of

the Secretary shall distribute such amounts, less appropriate deductions for

federal income withholding taxes and the employee's share of the social

security and Medicare (F.I.C.A.) tax, to the employees or its legal

representative as its interests may appear, in accordance with the provisions

of section 16(c) of the FLSA. Defendant remains responsible for the

employer's share of F.I.C.A. arising from or related to the back wages

distributed by the Secretary.

6.    By entering into this Consent Judgment, Plaintiff does not waive her

right to conduct future investigations of Defendant under the provisions of the

FLSA and to take appropriate enforcement action, including assessment of civil

money penalties pursuant to 29 U.S.C. § 216(e), with respect to any violations

disclosed by such investigations.

It is FURTHER ORDERED that each party shall bear their own costs, fees

and other expenses incurred by such party in connection with any stage of this

proceeding, but not limited to, attorney fees which may be available under the

Equal Access to Justice Act, as amended.

The Court shall retain jurisdiction over this matter only for the purposes of

enforcing this Consent Judgment and Order.

Dated this 4th day of December, 2025.

Approved as to form this
4th day of December, 2025.

*V. Olmo, Deputy Clerk*
Joel Turner, Clerk of Court

William M. Conley
United States District Judge

Entry of this judgment is consented to:

**For Defendant:**

Date _11 | 21 | 2025_

North Central Health Care

By its Attorney
Oyvind Wistrom
State Bar No. 1024964
Lindner & Marsack, S.C.
411 East Wisconsin Avenue, Suite 1800
Milwaukee, WI 53202
Phone: 414-273-3910
Email: owistrom@lindner-marsack.com
*Counsel for Defendant*


APPROVED:

**JONATHAN BERRY**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

TRAVIS GOSSELIN
Senior Trial Attorney
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
(312) 353-6991
gosselin.travis@dol.gov
IL Bar I.D. 6282984


*Attorneys for Plaintiff Lori Chavez-
DeRemer, Secretary of Labor, United
States Department of Labor*

8

Exhibit A[1]

| Worker's Name | Back Wages Due | Liquidated Damages Due | Total Due |
|---|---|---|---|
| B. Arnold | $84.15 | $84.15 | $168.30 |
| K. Auner | $934.09 | $934.09 | $1,868.18 |
| S. Baldwin | $1,600.87 | $1,600.87 | $3,201.74 |
| E. Bandow | $1,160.47 | $1,160.47 | $2,320.94 |
| A. Bartz | $1,113.19 | $1,113.19 | $2,226.38 |
| T. Beres | $1,435.52 | $1,435.52 | $2,871.04 |
| M. Borneman | $1,484.14 | $1,484.14 | $2,968.28 |
| D. Brandenburg | $1,771.08 | $1,771.08 | $3,542.16 |
| C. Bussiere | $1,562.70 | $1,562.70 | $3,125.40 |
| T. Copeland | $1,552.97 | $1,552.97 | $3,105.94 |
| W. Cox | $1,322.72 | $1,322.72 | $2,645.44 |
| L. Dewitt | $1,015.54 | $1015.54 | $2,025.08 |
| K. Erdman | $2,011.90 | $2,011.90 | $4,023.80 |
| J. Felhofer | $1,509.30 | $1,509.30 | $3,018.60 |
| E. Ferdon | $78.75 | $78.75 | $157.50 |
| L. Fleischman | $183.75 | $183.75 | $367.50 |
| E. Fox | $1,671.50 | $1,671.50 | $3,383.00 |
| A. Fritsche | $160.78 | $160.78 | $321.56 |
| G. Gardner | $645.90 | $645.90 | $1,291.80 |
| C. Gilbert | $164.16 | $164.16 | $328.32 |
| A. Glenn | $1,221.91 | $1,221.91 | $2,443.82 |
| A. Gollon | $1,188.55 | $1,188.55 | $2,377.10 |
| N. Griese | $908.99 | $908.99 | $1,817.98 |
| B. Hansen | $1,497.33 | $1,497.53 | $2,994.66 |
| S. Haring | $333.39 | $333.39 | $666.78 |
| A. Hernandez | $1,235.38 | $1,235.38 | $2,470.76 |
| E. Hulman | $20.84 | $20.84 | $41.68 |
| B. Kickhaver | $1,895.65 | $1,895.65 | $3,791.30 |
| T. Klemp | $1,570.39 | $1,570.39 | $3,140.78 |
| R. Krueger | $2,327.26 | $2,327.26 | $4,654.72 |
| S. Kuntsmann | $1,261.60 | $1,261.60 | $2,523.20 |
| K. Marg | $1,040.75 | $1,040.75 | $2,081.50 |
| T. Marquardt | $17.25 | $17.25 | $34.50 |
| T. Messman | $1,866.13 | $1,866.13 | $3,732.26 |
| S. Metko | $2,145.53 | $2,145.53 | $4,291.06 |
| K. Moua | $1,599.88 | $1,599.88 | $3,199.76 |
| S. Mucha | $294.05 | $294.05 | $588.10 |
| M. Musson | $715.56 | $715.56 | $1,425.12 |
| J. Northway | $1,595.96 | $1,595.96 | $3,191.92 |
| D. Ojala | $2,226.13 | $2,226.13 | $4452.26 |
| B. Pagel | $1,997.68 | $1,997.68 | $3,995.36 |
| M. Pagel | $342.90 | $342.90 | $685.80 |
| C. Peterson | $1,945.15 | $1,945.15 | $3,890.38 |
| A. Rochon | $1,639.77 | $1,639.77 | $3,279.54 |

[1] "Employees' names have been redacted for privacy reasons. Defendants acknowledge receiving employees' full names."

| Worker's Name | Back Wages Due | Liquidated Damages Due | Total Due |
|---|---|---|---|
| K. Sabel | $822.57 | $822.57 | $1,645.14 |
| B. Salas | $837.22 | $837.22 | $1,674.44 |
| M. Schade | $1,517.61 | $1,517.61 | $3,035.22 |
| R. Sciborowski | $1,644.40 | $1,644.40 | $3,288.80 |
| S. Smith | $1,217.70 | $1,217.70 | $2,435.40 |
| J. Staeven | $1,561.20 | $1,561.20 | $3,122.40 |
| T. Stelzer | $1,855.43 | $1,855.43 | $3,710.86 |
| K. Swenson | $980.95 | $980.95 | $1,961.90 |
| S. Tatro | $729.05 | $729.05 | $1,458.10 |
| A. Tesch | $1,512.81 | $1,512.81 | $3,025.62 |
| R. Thiel | $1,898.12 | $1,898.12 | $3,796.24 |
| M. Treziak | $454.34 | $454.34 | $908.68 |
| L. Van De Loo | $640.42 | $640.42 | $1,280.84 |
| E. Verley | $250.04 | $250.04 | $500.08 |
| H. Will | $1,639.94 | $1,639.94 | $3,279.88 |
| L. Witt | $1,705.81 | $1,705.81 | $3,411.62 |
| N. Woitula | $494.38 | $494.38 | $988.76 |
| M. Wunsch | $648.82 | $648.82 | $1,297.64 |
| K. Yang | $880.12 | $880.12 | $1,760.24 |
| P. Yang | $1,525.30 | $1,525.30 | $3,050.60 |
| A. Ziesemer | $1,680.09 | $1,680.09 | $3,360.18 |
| T. Zimmerman | $1,352.23 | $1,352.23 | $2,704.46 |
| S. Zoellner | $1,369.58 | $1,369.58 | $2,739.16 |
| D. Zoromski | $1,659.82 | $1,659.82 | $3,319.64 |
| **Total** | $81,243.60 | $81,243.60 | $162.487.20 |